IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SYDNEY WATSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:23-CV-00279-B |
| | § | |
| BLAZE MEDIA LLC, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS AND COMPEL ARBITRATION**

Defendant Blaze Media LLC ("Defendant" or "Blaze") submits this Reply in Support of its Motion to Dismiss, or in the Alternative to Stay Proceedings and Compel Arbitration (the "Reply"), and respectfully shows the Court the following:

### I.   INTRODUCTION

On March 23, 2023, Blaze moved to dismiss Plaintiff Sydney Watson's ("Plaintiff") claims and to compel arbitration pursuant to the arbitration provision contained within the Talent Services Agreement ("TSA") (the "Arbitration Agreement") under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* In Plaintiff's Response to Defendant's Motion to Dismiss or, in the alternative, to Stay Proceedings and Compel Arbitration (the "Response"), Plaintiff set forth a number of fruitless arguments in opposition to compelling arbitration.

In opposing Blaze's Motion (defined below), Plaintiff does not challenge the terms of the Arbitration Agreement or otherwise argue that it is unconscionable or unenforceable. Nor does she contend that she opted out of the Arbitration Agreement. Instead, Plaintiff attempts to avoid

PAGE 1

arbitration of her claims by asserting that her claims do not fall within the scope of the Arbitration Agreement. She additionally claims that Title 9 U.S.C. Section 401, *et seq.*, bar the Court from compelling Plaintiff to arbitrate her claims.

However, the evidence and legal authority in Defendant's Motion to Dismiss, or in the Alternative to Stay Proceedings and Compel Arbitration (the "Motion") and this Reply show the Arbitration Agreement should be enforced. Plaintiff and Blaze entered into a valid agreement, and the claims for which arbitration is sought fall within the scope of the Arbitration Agreement. Further, Title 9 U.S.C. Section 401, *et seq.* does not apply to Plaintiff's claims because her claims arose and accrued prior to its enactment, and she does not have standing to bring her claims. Because the arguments contained in Plaintiff's Response are insufficient to justify denying Defendant's Motion, the Court should dismiss (or stay) this matter in favor of arbitration.[1]

## II.  REPLY

### A.  The Claims for Which Arbitration is Sought Fall Within the Scope of the Arbitration Agreement.

Plaintiff's claims fall squarely within the scope of the Arbitration Agreement. As discussed in Defendant's Motion, a party seeking to compel arbitration under the FAA must establish that: (1) there is a valid agreement between the parties; and (2) the claims for which arbitration is sought fall within the scope of the arbitration agreement. *Edwards v. Doordash, Inc.*, 888 F.3d 738, 743 (5th Cir. 2018) (citing *Klein v. Nabors Drilling USA L.P.*, 710 F.3d 234, 236 (5th Cir. 2013)). Plaintiff does not dispute the Arbitration Agreement is a valid agreement between the parties. Rather, Plaintiff only argues that her claims do not fall within the scope of the Arbitration

---

[1] Additionally in the Response, Plaintiff requests that the Court refrain from converting the Motion into a motion for summary judgment under Rule 56. Defendant does not dispute this request. The only relief Defendant seeks from the Court is the determination that Plaintiff's claims are subject to the valid, enforceable Arbitration Agreement. Additionally, Defendant provided facts to aid the Court in its determination regarding the arbitration issue as it relates to Title 9 U.S.C. Section 401, *et seq.*

2

Agreement. Specifically, Plaintiff argues that because the Arbitration Agreement does not expressly include claims of sexual harassment that the Arbitration Agreement does not cover these claims. However, express inclusion of a claim is not necessary for a claim to fall within the scope of an arbitration provision. Indeed, parties may agree upon broad language in the arbitration clause that requires "any controversy or claim arising out of or relating to the contract." *Papalote Creek II, L.L.C. v. Lower Colo. River Auth.*, 918 F.3d 450, 454-55 (5th Cir. 2019) (internal citations and quotations omitted). Therefore, this argument fails.

Additionally, Plaintiff claims that the claims do not arise out of or because of the TSA. However, the Arbitration Agreement undeniably covers these claims. The Arbitration Agreement provides, in part, "[t]he parties agree that any dispute between them regarding any matter related to or arising out of [the TSA] shall be resolved by binding, confidential arbitration[.]" In determining the scope of arbitration clauses, courts consider the language of the agreement; if broad language is used, then arbitration should be compelled, and any disagreement over its scope should be resolved by the arbitrator. *Marciel v. J&S, LLC*, Civil No. 1:13-CV-536-LY, 2013 U.S. Dist. LEXIS 195710, at *8 (W.D. Tex. Nov. 5, 2013) (citing *Hornbeck Offshore Corp. v. Coastal Carriers Corp.*, 981 F.2d 752, 754-55 (5th Cir. 1993)). Here, the language governing the scope of the Arbitration Agreement broadly encompasses any matter related to or arising out of the TSA, so the Court should compel arbitration.

Moreover, Plaintiff asserts causes of actions and allegations to support those causes of action that directly relate to or arise out of the TSA, and are, therefore, covered by the scope of the Arbitration Agreement. The TSA created the relationship between Plaintiff and Blaze, and the claims brought by Plaintiff are based on conduct that allegedly occurred while Plaintiff was performing the contracted services under the TSA. Indeed, Plaintiff's framing of the issues require

3

that the complained of actions occurred within the course and scope of her performing the services pursuant to the TSA. Otherwise, her claims will fail. Additionally, Plaintiff seeks to recover actual damages, including payments Plaintiff alleges she was entitled to and the calculation of which are determined by the TSA. Therefore, her claims directly relate to or arise out of the TSA and shall be resolved by binding arbitration.

**B.      Title 9 U.S.C. Section 401, *et seq.* Does Not Apply to Plaintiff's claims.**

Despite Plaintiff's claims to the contrary, the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act (Title 9 U.S.C. Section 401, *et seq.*) (the "Act") does not apply to her claims. As set forth in Defendant's Motion, Plaintiff's only allegations that could possibly form the basis for a sexual harassment claim are based on acts that occurred before the enactment of the Act, and Plaintiff does not have standing to bring a suit as an independent contractor.

>   **1.      *Plaintiff's Only Cause of Action that Falls Within the Scope of the Act Arose and Accrued Prior to the Act's Enactment.***

As Plaintiff states in her response, the Act defines a "sexual harassment dispute" as "a dispute relating to conduct that is alleged to constitute sexual harassment under Federal, Tribal, or State law." 9 U.S.C. § 401(4). In her Complaint, Plaintiff asserts claims of sex discrimination, religious discrimination, wrongful termination, and retaliation. Contrary to Plaintiff's attempt to include all causes of action, the only cause of action that could fall within the Act's definition of a "sexual harassment dispute" is Plaintiff's sex discrimination claim, which is based on allegations of a hostile work environment.

Plaintiff's religious discrimination claim clearly does not fall within this definition, as this claim relates to conduct alleged to amount to discrimination based on Plaintiff's religion and has nothing to do with sexual harassment. *See Chumney v. Glasscock Cnty. Indep. Sch. Dist.*, Civil Action No. 6:17-CV-037-C, 2019 U.S. Dist. LEXIS 233633, at *15 (N.D. Tex. Mar. 9, 2019 ("In

order to establish a *prima facie* case of religious discrimination, a plaintiff must show that (1) the plaintiff held a bona fide religious belief or was a member of an identifiable religion; (2) the plaintiff was qualified for the position; (3) the plaintiff's beliefs or religion resulted in an adverse employment action; and (4) the plaintiff was treated differently from others outside that class.") (internal citations omitted).

Similarly, Plaintiff's retaliation claim does not constitute a "sexual harassment dispute" as defined by the Act, as the dispute relates to whether Plaintiff participated in a protected activity, suffered an adverse employment action, and a causal connection existed between the protected activity and the adverse employment action. *Davis v. Fort Bend Cnty.*, 765 F.3d 480, 489 (5th Cir. 2014) ("To set out a prima facie case of Title VII retaliation, a plaintiff must show that (1) she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action.") (internal citations and quotations omitted). Therefore, it is not a dispute that relates to conduct that is alleged to constitute sexual harassment. Finally, Plaintiff's wrongful termination claim arises out of Plaintiff's retaliation claim,[2] so it likewise does not amount to a "sexual harassment dispute" as defined by the Act.

Because these religious discrimination and retaliation claims do not fall within the definition of a "sexual harassment dispute," they are not covered by the Act. Therefore, the timing of or dates on which the alleged religious discrimination and retaliation claims occurred are not relevant to the Court's determination, and cannot boot strap the sexual harassment allegations, which clearly occurred before March 3, 2022, into the Act's purview.

---

[2] Plaintiff additionally alleges wrongful termination based on constructive discharge in the "Spring of 2022;" however, Blaze continued to pay Plaintiff the talent fee in full pursuant to the TSA, which Plaintiff continued to accept. (Declaration of Gaston Mooney, filed with the Motion as Exhibit 2, at ¶ 5). Therefore, Plaintiff could not have a constructive discharge claim.

Therefore, the only remaining cause of action that could constitute a "sexual harassment dispute," is her sex discrimination claim. In her support of this claim, Plaintiff alleges that the choice of guests appearing on the show made the environment "notably more hostile." Plaintiff specifically states two episodes in particular—the December 3, 2021, and the December 17, 2021, shows—played a significant role. Plfs' Complaint ¶¶ 20-21. Plaintiff further alleges several incidents that she considers contribute to her claims; however, Plaintiff does not allege specific dates these occurred. Plfs' Complaint ¶¶ 22-36. Nevertheless, the incidents must have occurred prior to March 3, 2022, as Plaintiff alleges she did not complain until March 4, 2022, after the "hostile work environment created by Mr. Schafer" allegedly took its toll. Plfs' Complaint ¶¶ 37-38. Therefore, Plaintiff's claims arose and accrued prior to March 3, 2022. *See* Plfs' Complaint ¶¶ 20-36. Therefore, because the Act only applies to "sexual harassment disputes" that arose or accrued on or after March 3, 2022, the date that the Act was enacted, and because Plaintiff clearly claims her alleged harassment arose before such date, her claim for sex discrimination similarly falls outside the Act. *See* Act March 3, 2022, P.L. 117-90, § 3, 136 Stat. 28. Consequently, the Act does not apply to any of Plaintiff's claims, as they fall outside the definition of "a sexual harassment dispute" or arose and accrued prior to the enactment of the Act.

### 2. *Plaintiff Does Not Have Standing to Bring Claims as an Independent Contractor.*

As previously defined, the Act defines sexual harassment disputes as conduct that is alleged to constitute sexual harassment *under applicable Federal, Tribal, or State law*. 9 U.S.C. § 401(4). The applicable law here is Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Texas Commission on Human Rights Act ("TCHRA"), which protects employees and not independent contractors. *See Lalik v. Roadrunner Dawes Freight Sys.*, No. 4:07-CV-152-A, 2008 WL 1868320, at *3 (N.D. Tex. Apr. 22, 2008); *Johnson v. Scott Fetzer Co.*, 124 S.W.3d 257, 263

6

(Tex. App.—Fort Worth 2003, pet. denied). Here, the parties agreed to an independent contractor relationship between Plaintiff and Blaze.[3] (Declaration of Tyler Cardon, filed with the Motion as Exhibit 1, at ¶ 16). *See Derrick Petroleum Servs. v. PLS, Inc.*, No. H-14-1520, 2014 U.S. Dist. LEXIS 178639, at *6 (S.D. Tex. Dec. 31, 2014) ("Under Texas law, the interpretation of a written contract is controlled by the intention of the parties to it.") (citing *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 333-34 (Tex. 2011)). Therefore, because Plaintiff was an independent contractor and does not have standing to bring the claims with which she asserts, these claims are not subject to the Act.

Because the Act does not apply to Plaintiff's claims, these claims are subject to the valid and enforceable Arbitration Agreement.

**C.     The Present Lawsuit Must be Dismissed, or Alternatively, Stayed.**

Because Blaze has demonstrated that the Arbitration Agreement contained in the parties' TSA is valid and enforceable and that Plaintiff's claims consist of arbitrable issues under the Arbitration Agreement, the lawsuit should be dismissed. *Armstrong v. Assocs. Int'l Holdings Corp.*, No. 06-11177, 2007 U.S. App. LEXIS 17563, at *11 (5th Cir. July 24, 2007) ("[T]he Fifth Circuit encourages district courts to dismiss cases with nothing but arbitrable issues because staying the action serves no purpose."); *Vollmering v. Assaggio Honolulu, LLC*, Case No. 2:22-CV-00002, 2022 U.S. Dist. LEXIS 184938, at *45-46 (S.D. Tex. Sept. 17, 2022) ("In the Fifth Circuit, district courts possess discretion to order dismissal of an action rather than a stay in the proper circumstances, such as when "*all* of the issues raised in the district court must be submitted

---

[3] While Plaintiff asserts that the Court should engage in the economic realities/common law control test to determine whether Plaintiff was an independent contractor, the independent contractor analysis is not the subject of this Motion. The Complaint clearly references the TSA, which states that she is an independent contractor, but this issue is for the factfinder to decide once the correct forum has been decided. However, for purposes of deciding Defendant's Motion, the parties' intent, and agreement that Plaintiff was an independent contractor should take precedence. *See Derrick Petroleum Servs.*, No. H-14-1520, 2014 U.S. Dist. LEXIS 178639, at *6.

to arbitration.") (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.3d 1161, 1164 (5th Cir. 1992)) (emphasis in original). Alternatively, the Court should stay the proceeding until a resolution is reached in arbitration. *Tittle v. Enron Corp.*, 463 F.3d 410, 417 n. 6 (5th Cir. 2006) ("a stay is mandatory at the request of a party if the dispute is arbitrable").

Here, the parties clearly entered into the binding and enforceable Arbitration Agreement, and Plaintiff's claims consist of issues that must be submitted to arbitration under the Arbitration Agreement. Therefore, the Court should dismiss, or alternatively stay, the lawsuit to be submitted to arbitration.

### III.   CONCLUSION

For the reasons set forth above, and more fully in Defendant's Motion to Dismiss, or in the Alternative, to Stay Proceedings and Compel Arbitration, Defendant respectfully requests that the Court grant its Motion to Compel and enter an Order dismissing this case and compelling arbitration of Plaintiff's claims, or alternatively, staying the case and compelling arbitration. Blaze further requests all other relief in law and equity, to which it may justly be entitled.

4854-1759-6253.5 / 118122-1002

Dated: April 24, 2023    Respectfully submitted,

*/s/ Celeste R. Yeager*
Celeste R. Yeager
Texas State Bar No. 00797715
Courtney E. Jackson
Texas State Bar No. 24116560
LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201
cyeager@littler.com
cejackson@littler.com
(214) 880-8100 (Telephone)
(214) 880-0181 (Facsimile)

*/s/ Jordan W. Cowman*
Jordan W. Cowman
Texas State Bar No. 04932800
GREENBERG TRAUIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Jordan.cowman@gtlaw.com
(214) 665-3600 (Telephone)
(214) 665-5952 (Facsimile)

**ATTORNEYS FOR DEFENDANT BLAZE MEDIA LLC**

## **CERTIFICATE OF SERVICE**

   I certify that on this 24th day of April, 2023, the undersigned provided a copy of ***Defendant's Reply In Support Of Its Motion To Dismiss Or, In The Alternative, To Stay Proceedings And Compel Arbitration*** to counsel in this case via the U.S. Northern District of Texas ECF filing system as follows:

| | |
|---|---|
| Kurt A. Schlichter | James A. Pikl |
| SCHLICHTER, SHONACK & KEETON, LLP | SCHEEF & STONE, LLP |
| kas@sandsattorneys.com | Jim.pikl@solidcounsel.com |
| 2381 Rosecrans Ave., Ste. 326 | 2600 Network Blvd., Ste. 400 |
| El Segundo, California 90245 | Frisco, Texas 75034 |
| Phone: (310) 643-0111 | Phone: (214) 472-2100 |
| Fax: (310) 643-1638 | Fax: (214) 472-2150 |

            */s/ Celeste R. Yeager*
            Celeste R. Yeager

4854-1759-6253.5 / 118122-1002