IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SYDNEY WATSON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:23-cv-00279-B |
| BLAZE MEDIA LLC, | § § | |
| Defendant. | § § § | |

# DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Blaze Media LLC ("Defendant") files its Original Answer and Affirmative Defenses to Plaintiff Sydney Watson's ("Plaintiff") Complaint ("Complaint").

The allegations in Plaintiff's Complaint are hereinafter answered by the correspondingly numbered paragraphs below. Unless specifically admitted in this pleading, the allegations are denied.

## SUMMARY OF ACTION

1. Defendant denies all factual allegations contained in Paragraph 1. To the extent Paragraph 1 contains legal conclusions, no response is required; however, to the extent a response is required, Defendant denies all legal conclusions. Defendant expressly denies that Plaintiff is entitled to any damages and/or relief based on the Complaint as Defendant's conduct, whether by alleged act or alleged omission, does not violate any local, state, or federal common or statutory law.

## PARTIES

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and therefore denies the same.

3. Defendant denies that it is a Texas Corporation but admits the remaining allegations in Paragraph 3 of the Complaint.

## VENUE

4. The allegations contained in Paragraph 4 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 4 of the Complaint.

## JURISDICTION

5. The allegations contained in Paragraph 5 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 5 of the Complaint.

## SUMMARY OF FACTS

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and therefore denies same.

7. Defendant admits that Plaintiff signed a three-year Talent Services Agreement, effective May 1, 2021. Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and therefore denies the same.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint regarding Plaintiff's expectations, and therefore denies the same. Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12. Defendant admits the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies that YAH was supported by subscriptions but admits the remaining allegations in Paragraph 14 of the Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint regarding Plaintiff's information and belief, and therefore denies same. Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

16. To the extent that Paragraph 16 purports to describe or quote from a document, the contents of the document speak for themselves and all contrary characterizations, including those referencing any individuals as employed by Defendant, are denied. Defendant denies the remaining allegations in Paragraph 16 of the Complaint.

17. Defendant admits that YAH was taped on-set at Defendant's studios in Irving, Texas but denies the remaining allegations in Paragraph 17 of the Complaint.

18. To the extent that Paragraph 18 purports to describe or quote from a document, the contents of the document speak for themselves and all contrary characterizations, including those referencing any individuals as employed by Defendant, are denied. Defendant denies the remaining allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant admits that on December 3, 2021, Nick Fuentes appeared on YAH but denies the remaining allegations in Paragraph 20 of the Complaint.

21. Defendant admits that on December 17, 2021, Jack Murphy appeared on YAH. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 21 of the Complaint, and therefore denies the same.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and therefore denies the same.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and therefore denies the same.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint regarding what became clear to Plaintiff, and therefore denies the same. Defendant denies the remaining allegations in Paragraph 25 of the Complaint.

26. Defendant admits that YAH was not to be a forum for humiliation or abuse. Defendant denies the remaining allegations in Paragraph 26.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and therefore denies the same.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and therefore denies the same.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and therefore denies the same.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant admits that Mr. Cardon texted Plaintiff regarding Mr. Schaffer's comments on a live show but denies the remaining allegations in Paragraph 35 of the Complaint.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, and therefore denies the same.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint regarding Plaintiff's stress, and therefore denies the same. Defendant denies the remaining allegations in Paragraph 37 of the Complaint.

38. Defendant admits that a meeting occurred on March 4, 2022, regarding workflow communications and the breakdown between Plaintiff and Mr. Schaffer. Defendant denies the remaining allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant admits that Mr. Schaffer tweeted on April 7, 2022, in response to a tweet by Dr. Seb Gorka. Defendant denies the remaining allegations in Paragraph 43 of the Complaint.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint, and therefore denies the same.

45. Defendant admits that Plaintiff texted Mr. Cardon and Mr. Mooney regarding no longer continuing to cohost the show but denies the remaining allegations in Paragraph 45 of the Complaint.

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint, and therefore denies the same.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint, and therefore denies the same.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant admits that Plaintiff told Defendant she wanted to post something to her audience regarding YAH but denies the remaining allegations in Paragraph 54 of the Complaint.

55. Defendant admits that in May 2022, Defendant made a community post that YAH was on hiatus but denies the remaining allegations in Paragraph 55 of the Complaint.

56. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and therefore denies the same.

57. Defendant denies that Plaintiff was disparaged but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 of the Complaint, and therefore denies the same.

58. Defendant admits that Mr. Schaffer posted to his Twitter account a series of tweets regarding YAH's hiatus but denies the allegations in Paragraph 58 of the Complaint.

59. Defendant denies Plaintiff was disparaged but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59 of the Complaint, and therefore denies the same.

60. Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 60 of the Complaint, and therefore denies the same.

61. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint, and therefore denies the same.

62. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint, and therefore denies the same.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Defendant admits that it announced Mr. Schaffer's termination on or about September 24, 2022, but denies the remaining allegations in Paragraph 64 of the Complaint.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

66. Defendant denies the allegations in Paragraph 66 of the Complaint.

67. Defendant denies the allegations in Paragraph 67 of the Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

69. The allegations contained in Paragraph 69 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 69 of the Complaint.

## CAUSES OF ACTION

70. Defendant incorporates and repeats its responses and averments in Paragraphs 1 through 69 above as if fully stated herein.

## COUNT 1: SEX AND RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII

71. As to the allegations in Paragraph 71 of the Complaint, Defendant admits only that Plaintiff pleads sex and religious discrimination as alleged. Further answering, Defendant denies all wrongdoing, denies that it committed any unlawful or wrongful acts, willful, intentional, or otherwise, that violated any federal law or the law of any state, and denies that it engaged in any

conduct that would subject it to liability or which entitles Plaintiff to any remedy or relief of any kind. Defendant denies all remaining allegations contained in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72 of the Complaint.

73. Defendant denies the allegations in Paragraph 73 of the Complaint.

74. Defendant denies the allegations in Paragraph 74 of the Complaint.

75. Defendant denies the allegations in Paragraph 75 of the Complaint. Defendant expressly denies that Plaintiff is entitled to any damages and/or relief arising out of the Complaint as Defendant took no action nor committed any omission that would constitute a violation of any local, state, or federal common or statutory law.

### COUNT 2: SEX AND RELIGIOUS DISCRIMINATION IN VIOLATION OF THE TEXAS COMMISSION ON HUMAN RIGHTS ACT

76. As to the allegations in Paragraph 76 of the Complaint, Defendant admits only that Plaintiff pleads sex and religious discrimination as alleged. Further answering, Defendant denies all wrongdoing, denies that it committed any unlawful or wrongful acts, willful or otherwise, that violated any federal law or the law of any state, and denies that it engaged in any conduct that would subject it to liability or which entitles Plaintiff to any remedy or relief of any kind. Defendant denies all remaining allegations contained in Paragraph 76.

77. Defendant denies the allegations in Paragraph 77 of the Complaint.

78. Defendant denies the allegations in Paragraph 78 of the Complaint.

79. Defendant denies the allegations in Paragraph 79 of the Complaint. Defendant expressly denies that Plaintiff is entitled to any damages and/or relief arising out of the Complaint as Defendant took no action nor committed any omission that would constitute a violation of any local, state, or federal common or statutory law.

### COUNT 3: WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF THE TEXAS COMMISSION ON HUMAN RIGHTS ACT

80. As to the allegations in Paragraph 80 of the Complaint, Defendant admits only that Plaintiff attempts to plead a "wrongful termination" cause of action as alleged. Further answering, Defendant denies all wrongdoing, denies that it committed any unlawful or wrongful acts, willful or otherwise, that violated any federal law or the law of any state, and denies that it engaged in any conduct that would subject it to liability or which entitles Plaintiff to any remedy or relief of any kind. Defendant denies all remaining allegations contained in Paragraph 80.

81. The allegations contained in Paragraph 81 of the Complaint constitute legal conclusions to which no response is required, and Defendant thus denies the allegations in Paragraph 81 on that basis.

82. Defendant denies the allegations in Paragraph 82 of the Complaint.

83. Defendant denies the allegations in Paragraph 83 of the Complaint.

84. Defendant denies the allegations in Paragraph 84 of the Complaint.

85. Defendant denies the allegations in Paragraph 85 of the Complaint.

86. Defendant denies the allegations in Paragraph 86 of the Complaint. Defendant expressly denies that Plaintiff is entitled to any damages and/or relief arising out of the Complaint as Defendant took no action nor committed any omission that would constitute a violation of any local, state, or federal common or statutory law.

### COUNT 4: RETALIATION IN VIOLATION OF THE TEXAS COMMISSION ON HUMAN RIGHTS ACT

87. As to the allegations in Paragraph 87 of the Complaint, Defendant admits only that Plaintiff pleads a cause of action for retaliation as alleged. Further answering, Defendant denies all wrongdoing, denies that it committed any unlawful or wrongful acts, willful or otherwise, that violated any federal law or the law of any state, and denies that it engaged in any conduct that

would subject it to liability or which entitles Plaintiff to any remedy or relief of any kind. Defendant denies all remaining allegations contained in Paragraph 87.

88. Defendant denies the allegations in Paragraph 88 of the Complaint.

89. Defendant denies the allegations in Paragraph 89 of the Complaint. Defendant expressly denies that Plaintiff is entitled to any damages and/or relief arising out of the Complaint as Defendant took no action nor committed any omission that would constitute a violation of any local, state, or federal common or statutory law.

## ATTORNEYS' FEES

90. As to the allegations in Paragraph 90 of the Complaint, Defendant admits only that Plaintiff seeks the relief requested. Further answering, Defendant denies all wrongdoing, denies that it committed any unlawful or wrongful acts, willful or otherwise, that violated any federal law or the law of any state, and denies that it engaged in any conduct that would subject it to liability or which entitles Plaintiff to any remedy or relief of any kind. Defendant denies all remaining allegations contained in Paragraph 90.

## EXEMPLARY DAMAGES

91. Defendant denies the allegations in Paragraph 91 of the Complaint. Defendant expressly denies that Plaintiff is entitled to any damages and/or relief arising out of the Complaint as Defendant took no action nor committed any omission that would constitute a violation of any local, state, or federal common or statutory law.

## JURY DEMAND

92. Defendant admits only that Plaintiff purports to demand a trial by jury. Defendant reserves all arguments regarding whether a trial by jury is appropriate as to some or all of Plaintiff's claims and claims for relief, and specifically denies that Plaintiff is entitled to a trial by jury where the same is not provided for by the operative law.

## PRAYER

In response to the Prayer paragraph and related subparagraphs A-F, Defendant denies all allegations contained therein. Defendant also expressly denies that Plaintiff is entitled to any damages and/or relief arising out of the Complaint as Defendant took no action nor committed any omission that would constitute a violation of any local, state, or federal common or statutory law.

## AFFIRMATIVE AND OTHER DEFENSES

By way of further answer, and without admitting any allegations asserted in the Complaint, Defendant affirmatively pleads the following defenses.  Nothing stated in any of the following defenses constitutes a concession that Defendant bears any burden of proof on any issue that it would not otherwise bear such burden.  Defendant reserves the right to supplement these pleadings with further applicable defenses as more facts become available.  To the extent any defenses or legal theories may be interpreted as inconsistent, they are pleaded in the alternative.

1. Plaintiff's Complaint fails to satisfy all conditions precedent.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted, in whole or in part.

3. Plaintiff's claims are barred because at all times material to the allegations in the Complaint, Plaintiff was an independent contractor and not Defendant's employee.

4. All of Defendant's actions regarding Plaintiff were taken in good faith and for legitimate, non-discriminatory, non-retaliatory business reasons.

5. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to exercise reasonable care and diligence to mitigate her damages, if any.  In addition, Plaintiff's damages and losses, if any, should be reduced by any and all interim earnings.

6. Plaintiff's claims for damages are subject to all applicable limitations on such damages.

7.     To the extent it is discovered that Plaintiff engaged in heretofore unknown misconduct, violation or other conduct that would have resulted in her termination by Defendant, Plaintiff is subject to the after-acquired evidence doctrine and limited in her recovery.

8.     Any damages suffered by Plaintiff are attributable to her own conduct.

9.     Plaintiff is not entitled to an award of prejudgment interest if she prevails on any or all of her stated claims.

10.    Plaintiff has failed to plead any factual allegations of fraud or other willful, wanton, or sufficient reckless conduct that would entitle her to an award of punitive damages.

11.    An award of punitive damages in this case would, in whole or in part, violate the due process clauses of the Texas and United States Constitutions.

In addition to the foregoing defenses, Defendant reserves the right to amend its Answer to raise any additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiff as those claims become known during this litigation.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that the Complaint be dismissed with prejudice, that Plaintiff take nothing by this suit, and that Defendant be awarded its costs, attorneys' fees, expenses, and all other legal and equitable relief to which it may be entitled.

Dated: August 18, 2023               Respectfully submitted,


/s/ *Celeste R. Yeager*
Celeste R. Yeager
Texas State Bar No. 00797715
Courtney E. Jackson
Texas State Bar No. 24116560

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
cyeager@littler.com
cejackson@littler.com
(214) 880-8100 (Telephone)
(214) 880-0181 (Facsimile)


/s/ *Jordan W. Cowman*
Jordan W. Cowman
Texas State Bar No. 04932800

GREENBERG TRAUIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Jordan.cowman@gtlaw.com
(214) 665-3600 (Telephone)
(214) 665-5952 (Facsimile)


**ATTORNEYS FOR DEFENDANT BLAZE MEDIA LLC**

## CERTIFICATE OF SERVICE

  I hereby certify that on August 18, 2023, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following individuals who have consented in writing to accept this Notice as service of this document by electronic means:

| | |
|---|---|
| Kurt A. Schlichter<br>SCHLICHTER, SHONACK &<br>KEETON, LLP<br>2381 Rosecrans Ave., Ste. 326<br>El Segundo, CA 90245<br>Email:   kas@sandsattorneys.com | James A. Pikl<br>SCHEEF & STONE, LLP<br>2600 Network Blvd., Ste. 400<br>Frisco, TX 75034<br>Email:   jim.pikl@solidcounsel.com |

                */s/ Celeste R. Yeager*
                Celeste R. Yeager