IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SYDNEY WATSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 3:23-CV-00279-B |
| v. | § | |
| | § | |
| BLAZE MEDIA LLC, | § | |
| | § | |
| Defendant. | § | |

# PLAINTIFF SYDNEY WATSON'S MOTION TO COMPEL DISCOVERY RESPONSES (FRCP Rule 37(A)(3)(b)); CERTIFICATE OF CONFERENCE

Dated: March 25, 2024

Respectfully submitted,

SCHLICHTER, SHONACK & KEETON, LLP

By: */s/ Kurt A. Schlichter*
Kurt A. Schlichter
State Bar No. 24104610
kas@ssandkattorneys.com
2381 Rosecrans Ave., Ste. 326
El Segundo, California 90245
Phone: (310) 643-0111
Fax: (310) 643-1638

SCHEEF & STONE, LLP

James A. Pikl
State Bar No. 16008850
jim.pikl@solidcounsel.com
2600 Network Blvd., Ste. 400
Frisco, Texas 75034
Phone: (214) 472-2100
Fax: (214) 472-2150

ATTORNEYS FOR PLAINTIFF
SYDNEY WATSON

Sydney Watson ("Watson" or "Plaintiff") hereby moves for an order overruling the objections of Defendant Blaze Media, LLC ("The Blaze" or "Defendant") and compelling The Blaze to provide substantive responses to Interrogatories Nos. 4, 8, and 9 pursuant to Federal Rule of Civil Procedure (FRCP) 37(A)(3)(B).

## I.   INTRODUCTION

This is a simple motion that revolves around one issue – is Ms. Watson entitled to discover information about the sexual harassment complaints regarding her main harasser at The Blaze, their former star media personality, Elijah Schaffer? The three interrogatories at issue each relate to his conduct at The Blaze, including his harassment of Plaintiff and others and The Blaze's response or lack thereof:

> **INTERROGATORY NO. 4:** State all reasons that Blaze ended its business relationship with Elijah Schaffer.
>
> **INTERROGATORY NO. 8:** Identify every person who ever made any complaint to Blaze about the conduct of Elijah Schaffer.
>
> **INTERROGATORY NO. 9:** Describe all actions taken by Blaze regarding all complaints made to Blaze about the conduct of Elijah Schaffer.

This is not a fishing expedition, as it is widely known and publicized in the media that after Ms. Watson was constructively terminated, Elijah Schaffer was fired by The Blaze for harassing another of The Blaze's female media talents. *See., e.g.*, https://www.mediaite.com/news/blaze-tv-star-fired-over-sexual-assault-allegation-report/ ("Conservative Blaze TV host Elijah Schaffer was fired from Glenn Beck's media company after he allegedly sexually assaulted colleague Sara Gonzalez.") This media story is not offered as evidence against Mr. Schaffer, but rather to show that Ms. Watson has a good faith reason to believe there are facts which support her claim of

hostile work environment against the Defendant.

The alleged conduct of Elijah Schaffer directly reflects upon the acts or omissions (or lack thereof) of The Blaze, actions directly at issue in this lawsuit. Such information may lead to the discovery of relevant evidence regarding whether Elijah Schaffer actually harassed Ms. Watson, which is all that is required to make a discovery request proper. But further, if the facts demonstrate that The Blaze had knowledge of other harassment by Schaffer and took no action, such facts will tend to prove a key allegation of Ms. Watson – that The Blaze made a decision to ignore Elijah Schaffer's harassment because it perceived him as a lucrative rising star who they wished to protect, and not only tolerated but perhaps *encouraged* the hostile work environment at issue here, all resulting in the pleaded hostile work environment. Such conduct would also support Ms. Watson's request for an award of exemplary damages.

For that reason, and because the other boilerplate objections are meritless as well, the Court should order The Blaze to provide full and complete responses to interrogatories Nos. 4. 8, and 9.

## II.   LEGAL AUTHORITY FOR COMPELLING A RESPONSE

Parties may serve interrogatories related to any matter within the scope of discovery. FRCP. 33(a). FRCP 33(b)(3)-(4) provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath" and that "[t]he grounds for objecting to an interrogatory must be stated with specificity." The permissible scope of discovery in federal court is very broad. FRCP 26(b)(1) provides that discovery is proper "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case… Information with this scope of discovery need not be admissible in evidence to be discoverable."

The propounding party may move the Court to compel answers to interrogatories if the

responding party objects or fails to respond. FRCP 37(a)(3)(B). "For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FRCP 37(a)(4). Failure to disclose, answer, or respond is subject to sanctions. FRCP 37(a)(3)(A), (a)(5)(court must award sanctions for successful motion).

Prior to filing a motion to compel, the parties must meet and confer to attempt to resolve the dispute without the Court's intervention.  Fed. R. Civ. P.  On a motion to compel, "the burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted." *Singletary v. Sterling Transp. Co.* (E.D. Va. 2012) 289 F.R.D. 237, 241.

## THE COURT SHOULD OVERRULE THE OBJECTIONS AND ORDER RESPONSES TO THE THREE INTERROGATORIES AT ISSUE

Each of the three interrogatories presently in dispute relates to the conduct of Elijah Schaffer and to the conduct of The Blaze in dealing with (or rather, *not* dealing with) his serial harassment of female personnel. Each question is relevant and appropriate, and there is evidence in the public record that demonstrates that there is likely to be such evidence in the possession of The Blaze.

### A. Interrogatory No. 4

**INTERROGATORY NO. 4:** State all reasons that Blaze ended its business relationship with Elijah Schaffer.

**THE BLAZE'S REPONSE:** Defendant objects to this interrogatory as seeking information that is not relevant to the subject matter of this lawsuit, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory as calling for the disclosure of confidential and private personal information of individuals who are not a party to this litigation. Defendant also objects to this request to the extent it seeks information protected by the attorney-client and/or work product privileges.

The objections are meritless. The relevance objection is particularly inapt because the issue of why Mr. Schaffer was terminated is directly relevant to proving both his misconduct as a

harasser and showing how and when, if ever, The Blaze dealt with his known misconduct. This is especially true in light of FRCP 26(b), which defines the scope of discovery broadly and allows parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense."  In general, information is discoverable if it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.; *see, e.g*., *Coughlin v. Lee,* 949 F.2d 1152, 1159 (5th Cir. 1991) ("Discoverable information is not limited to admissible evidence."). "The discovery provisions of the Federal Rules of Civil Procedure allow the parties to develop fully and crystalize concise factual issues for trial. Properly used, they prevent prejudicial surprises and conserve precious judicial energies. The United States Supreme Court has said that they are to be broadly and liberally construed." *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir. 1973) (citing *Hickman v. Taylor,* 329 U.S. 495, 507 (1947) and *Schlagenhauf v. Holder,* 379 U.S. 104, 114-15) (1964); s*ee also See Yeti Coolers, LLC v. TerraCycle US, LLC*, 2024 WL 994663 (W.D. Texas 2024, slip opinion): "Generally, the scope of discovery is broad." *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011).

A discovery request is relevant when it seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.' *Id*. (Case also confirming that the burden rests on the party resisting discovery to justify its objections).

To the extent The Blaze argues that an interrogatory covering all of Mr. Schaffer's misconduct is overbroad, Mr. Schaffer's tenure at The Blaze did not greatly overlap Ms. Watson's time there, and issues that became public before or after Ms. Watson left (such as Mr. Schaffer's alleged firing for groping shortly after Ms. Watson was terminated) are directly relevant to key issues even if these other harassments did not overlap in time.

The privacy objection is likewise meritless. Neither Mr. Shaffer nor The Blaze have a

privacy interest in protecting information regarding whether Mr. Schaffer was or was not terminated over his abuse of Ms. Watson or some other employee. To the extent that the objection is directed toward other victims, at least one victim has already been publicly identified in the media. *See, e.g.*, [https://news.yahoo.com/blaze-fired-conservative-pundit-elijah-084639012.html?fr=sychp_catchall&guccounter=1&guce_referrer=aHR0cHM6Ly93d3cuZ29vZ2xlLmNvbS8&guce_referrer_sig=AQAAACpvpoXHUvtiNYhJ15N0M5Q3sVvt9XGFcHpBmBPHlZM6QukF8WkFGSC4Sn1WWfoHnHT-X9wogDkR0qMaQu557dNKZPGbDjwhc4hFotM7ONoWC8HsByOkNiFxYxQUz9sMbMcTv0167PDMFACmyELVsw2foJFTWOeNuiGz-X5BvqcM](https://news.yahoo.com/).

While victims of sexual harassment deserve respect and dignity, the law does not provide that information regarding their victimization is barred from use in civil litigation matters. Nor is there any reason to assume, to the point of denying relevant evidence to litigating victims, that officers of the court would be cavalier or inappropriate in the use of such information – especially in light of the Court's oversight.

Finally, there is nothing to support an objection as to the attorney-client or work product privilege issue here. The response does not identify the facts, events, or documents to which the privileges allegedly attach, with the required "specificity" or otherwise, to support the privilege claims. FRCP 26(b)(5). To the extent any legitimate privacy concerns exist here, the rules provide for how that is addressed. FRCP 26(b)(5)(c) (e.g., protective orders).

### B. Interrogatory No. 8

**INTERROGATORY NO. 8:** Identify every person who ever made any complaint to Blaze about the conduct of Elijah Schaffer.

**THE BLAZE'S REPONSE:** Defendant objects to this interrogatory as overbroad in time and unduly burdensome because it is not subject to a

reasonable temporal limitation. Defendant objects to this interrogatory as seeking information that is not relevant to the subject matter of this lawsuit, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory as calling for the disclosure of confidential and private personal information of individuals who are not a party to this litigation. Whether an individual made a complaint is personal information and not relevant to the instant litigation and will not make any fact of consequence related to Plaintiff's allegations more or less probable. Defendant also objects to this request to the extent it seeks information protected by the attorney-client and/or work product privileges.

This interrogatory is not overboard. Mr. Shaffer only worked at The Blaze for not much longer than Ms. Watson did, so the concern about a "temporal limitation" is vacuous as discussed *supra*. There are also no facts offered to demonstrate that The Blaze is unable to gather the names of other victims due to the sheer volume of the complaints. If that were true, that might be a relevant fact, but The Blaze has not raised it.

Regarding the relevance objection, as discussed *supra*, the conduct of Mr. Schaffer is a central issue in the case, and The Blaze's mishandling of his misconduct is likewise an important issue. Other complaints about such – which media reports indicate exist – would tend to demonstrate a pattern of behavior by Mr. Schaffer, and a pattern of knowing tolerance of his behavior by The Blaze, both of which a jury could find contributed to a hostile working environment. These are therefore central issues in this lawsuit.

As set forth *supra*, neither Mr. Shaffer nor The Blaze have a privacy interest in protecting facts regarding his or its misconduct. As for the third parties, their stories deserve dignity and discretion – which the Court's oversight will guarantee – but even those cases that are not publicly known cannot be excluded from discovery in this case.

Finally, the response offers no explanation showing, with "specificity" or otherwise, how the attorney-client or work product privileges could apply to shield complaints made by third

parties from disclosure.

### C. Interrogatory No. 9

> **INTERROGATORY NO. 9:** Describe all actions taken by Blaze regarding all complaints made to Blaze about the conduct of Elijah Schaffer.
>
> **THE BLAZE'S REPONSE:** Defendant objects to this interrogatory as overbroad in time and unduly burdensome because it is not subject to a reasonable temporal limitation. Defendant objects to this interrogatory as seeking information that is not relevant to the subject matter of this lawsuit, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory as calling for the disclosure of confidential and private personal information of individuals who are not a party to this litigation. Whether an individual made a complaint is personal information and not relevant to the instant litigation and will not make any fact of consequence related to Plaintiff's allegations more or less probable. Defendant also objects to this request to the extent it seeks information protected by the attorney-client and/or work product privileges.

The objections to this interrogatory are meritless for the same reasons set forth *supra* regarding Interrogatory No. 8. In fact, they are even *more* meritless here because this interrogatory directly requests information regarding the actions taken by defendant The Blaze, if any, in response to the Schaffer complaints. The actions, or lack of them, by The Blaze in response to Ms. Watson's repeated claims of harassment by this serial abuser are the focus of this lawsuit. How The Blaze handled other complaints about Mr. Schaffer is directly at issue. Its actions (or omissions) are relevant to the hostile work environment claim and punitive damages.

There is nothing in the response indicating that this interrogatory is somehow overboard, or that there are so many actions taken by The Blaze that it would be impossible to reasonably expect it to describe them all.

The privacy objection fails as discussed *supra*. The attorney-client/work product privilege objection likewise fails – the response does not explain how action taken (or not taken) by The Blaze are protected by privilege.

## VII.    CONCLUSION

The Court should grant deny the Motion in its entirety.

Dated: March 25, 2024

Respectfully submitted,

SCHLICHTER, SHONACK & KEETON, LLP

By: */s/ Kurt A. Schlichter*
Kurt A. Schlichter
State Bar No. 24104610
kas@ssandkattorneys.com
2381 Rosecrans Ave., Ste. 326
El Segundo, California 90245
Phone: (310) 643-0111
Fax: (310) 643-1638

SCHEEF & STONE, LLP

James A. Pikl
State Bar No. 16008850
jim.pikl@solidcounsel.com
2600 Network Blvd., Ste. 400
Frisco, Texas 75034
Phone: (214) 472-2100
Fax: (214) 472-2150

ATTORNEYS FOR PLAINTIFF
SYDNEY WATSON

///

## CERTIFICATION OF CONFERENCE

Per Local Rule LR-7.1(b), the moving party certified that before filing this motion, an attorney for the moving party conferred with an attorney for each party affected by the requested relief to determine whether the motion is opposed.

On February 28, 2024, counsel for Ms. Watson, Kurt Schlichter, Esq., sent a detailed letter to counsel for The Blaze addressing the insufficient responses to Interrogatories 4, 7, 8, and 9. On

March 12, 2024, counsel for The Blaze, Celeste Yeager, Esq., responded with correspondence addressing each disputed response. The parties informally resolved the dispute as to interrogatory No 7. However, the parties were unable to resolve the issues as to Interrogatories Nos. 4, 8, and 9. Counsel for Ms. Watson believes that the objections have no merit. Counsel for The Blaze believes the objection are meritorious. I provided a draft copy of the proposed motion to opposing counsel and then again discussed the issues in dispute with counsel by telephone at 12:30 pm Central Time on March 25, 2024. We were unable to resolve the dispute. Opposing counsel indicate that they intend to oppose the motion. Accordingly, the intervention of the Court is necessary to resolve this issue.

*/s/ Kurt A. Schlichter*

## CERTIFICATE OF SERVICE

I certify that on March 25, 2024, the undersigned provided a copy of ***PLAINTIFF SYDNEY WATSON'S MOTION TO COMPEL DISCOVERY RESPONSES (FRCP Rule 37(A)(3)(b); CERTIFICATE OF CONFERENCE*** to counsel in this case via the U.S. Northern District of Texas ECF filing system as follows:

Celeste R. Yeager
Courtney E. Jackson
LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201
*cyeager@littler.com*
*cejackson@littler.com*
(214) 880-8100 (Telephone)
(214) 880-0181 (Facsimile)

Jordan W. Cowman
GREENBERG TRAUIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
*Jordan.cowman@gtlaw.com*
(214) 665-3600 (Telephone)
(214) 665-5952 (Facsimile)

*/s/ James A. Pikl*