IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SYDNEY WATSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-cv-00279-B |
| | § | |
| BLAZE MEDIA LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

### DEFENDANT'S RESPONSE AND BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

Defendant Blaze Media LLC ("Defendant" or "Blaze") files this Response in Opposition to Plaintiff's Motion to Compel Discovery Responses (Dkt. No. 27) and states as follows:

## I.
## SUMMARY OF ARGUMENT

Plaintiff Sydney Watson ("Plaintiff") and Defendant worked to resolve the issues raised in Plaintiff's Motion to Compel Discovery Responses without the Court's intervention. Unfortunately, the parties have been unable to come to an agreement. The Interrogatories Plaintiff seeks to compel responses to (1) concern information about individuals who are not parties to this litigation and who therefore have valid privacy interests; and (2) are overly-broad. As such, the Court should deny the Motion to Compel Discovery Responses (the "Motion").

## II.
## BACKGROUND

Plaintiff filed her Complaint on February 8, 2023. She brings claims for: (1) sex and religious discrimination in violation of Title VII; (2) sex and religious discrimination in violation of the Texas Commission on Human Rights Act ("TCHRA"); (3) wrongful constructive termination in violation of the TCHRA; and (4) retaliation in violation of the TCHRA.


Plaintiff alleges she faced workplace harassment while performing her duties for Defendant pursuant to her independent contractor agreement. Specifically, she claims that her cohost, Elijah Schaffer, engaged in conduct she describes as misogynistic. Plf's Complaint ("Compl.") ¶¶19, 20-21. She claims that this, in turn, caused guests and audience members to harass her with sexist and anti-Jewish comments. *Id*. ¶¶ 25-32. Plaintiff also alleges that her independent contractor agreement was either constructively terminated in the Spring of 2022, or actually terminated in July 2022, after complaining about Schaffer's conduct. *Id*. ¶ 63.

The parties have cooperatively engaged in written discovery beginning in December of 2023. The only issues that have arisen thus far concern the three Interrogatories that are the subjects of Plaintiff's Motion.

### III.
### ARGUMENT AND AUTHORITIES

**A.** **Legal Standard.**

Federal Rule of Civil Procedure 26(b) governs the permissible scope of discovery. *See* Fed. R. Civ. P 26(b). The scope of discovery is limited to any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case. *Id.* The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Abraham v. Alpha Chi Omega*, 271 F.R.D. 556, 559 (N.D. Tex. 2010) (citing *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006)). Once the moving party establishes that the request is within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted. *Id.* The court must limit the frequency or extent of discovery if it determines that the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in

controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(iii); Fed. R. Civ. P. 26(b)(1).

**B.     Plaintiff's Interrogatory No. 4 Seeks Information that Is Not Relevant to the Current Action and Is Private and Confidential.**

**Interrogatory No. 4**

**INTERROGATORY NO. 4:** State all reasons that Blaze ended its business relationship with Elijah Schaffer.

**BLAZE'S RESPONSE:** Defendant objects to this interrogatory as seeking information that is not relevant to the subject matter of this lawsuit, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory as calling for the disclosure of confidential and private personal information of individuals who are not a party to this litigation. Defendant also objects to this request to the extent it seeks information protected by the attorney-client and/or work product privileges.

This Interrogatory seeks the reasons Defendant ended its business relationship with Mr. Schaffer. Mr. Schaffer is not a party to this litigation, so the discovery of the reasons Defendant ended its business relationship with Mr. Schaffer raises privacy concerns that outweigh Plaintiff's entitlement to the requested discovery. *See Miranda v. Mahard Egg Farm, Inc.*, No. 4:19-cv-00092, 2019 WL 4573637 (E.D. Tex. Sept. 20, 2019) (concluding that the privacy interests of non-party employees outweighed any competing interest for the discovery of personnel files, performance metrics, reviews, disciplinary documents, or other documents relating to the evaluation of job activity). Further, Plaintiff ended her business relationship with Defendant before Defendant ended its business relationship with Mr. Schaffer. Plaintiff alleges that Defendant "constructively terminated [Plaintiff] in the Spring of 2022, or alternatively actively terminated her in or about July 2022[.]" Plf's Compl. ¶ 63. Mr. Schaffer was terminated on or about September 19, 2022, well after Plaintiff alleges she was constructively terminated or actively terminated.  As such, the reasons for Defendant ending its business relationship with Mr. Schaffer are not relevant

and not discoverable. Therefore, the Court should sustain Defendant's objections to Interrogatory No. 4 and deny Plaintiff's Motion.

C. **Plaintiff's Interrogatories Nos. 8 and 9 Are Overly Broad As They Concern All Types of Complaints, Not Merely Complaints That Are Substantially Similar to Those of Plaintiff.**

**Interrogatory No. 8**

**INTERROGATORY NO. 8:** Identify every person who ever made any complaint to Blaze about the conduct of Elijah Schaffer.

**BLAZE'S RESPONSE:** Defendant objects to this interrogatory as overbroad in time and unduly burdensome because it is not subject to a reasonable temporal limitation. Defendant objects to this interrogatory as seeking information that is not relevant to the subject matter of this lawsuit, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory as calling for the disclosure of confidential and private personal information of individuals who are not a party to this litigation. Whether an individual made a complaint is personal information and not relevant to the instant litigation and will not make any fact of consequence related to Plaintiff's allegations more or less probable. Defendant also objects to this request to the extent it seeks information protected by the attorney-client and/or work product privileges.

**Interrogatory No. 9**

**INTERROGATORY NO. 9:** Describe all actions taken by Blaze regarding all complaints made to Blaze about the conduct of Elijah Schaffer.

**BLAZE'S RESPONSE:** Defendant objects to this interrogatory as overbroad in time and unduly burdensome because it is not subject to a reasonable temporal limitation. Defendant objects to this interrogatory as seeking information that is not relevant to the subject matter of this lawsuit, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory as calling for the disclosure of confidential and private personal information of individuals who are not a party to this litigation. Whether an individual made a complaint is personal information and not relevant to the instant litigation and will not make any fact of consequence related to Plaintiff's allegations more or less probable. Defendant also objects to this request to the extent it seeks information protected by the attorney-client and/or work product privileges.

Interrogatory No. 8 seeks the identity of individuals who ever made <u>any type of complaint</u> to Defendant concerning Mr. Schaffer; Interrogatory No. 9 asks for information concerning Defendant's response to any such complaints. However, in the Fifth Circuit, courts generally only

allow discovery of other complaints that are "sufficiently similar to the plaintiff's claims." *Osborn v. Brennan*, No. 5:18-CV-16-OLG, 2018 WL 11471570, at *1 (W.D. Tex. Oct. 26, 2018). Plaintiffs are entitled to relevant information, but this is "limited to the type of discrimination at issue[.]" *Williams v. United States Environmental Services*, No. 15-168-RLB, 2016 WL 617447, at *8 (M.D. La. Feb. 16, 2016). "[O]nly discrimination or retaliation of the same character and type that is alleged is probative." *Kleppinger v. Texas Dept. of Trans.*, No. L-10-124, 2012 WL 12893651, at *4 (S.D. Tex. Mar. 4, 2012); *see also W. Dooley v. Recreation and Parks Com'n for Paris of East Baton Rouge (BREC)*, No. 08-715-A-M2, 2009 WL 1939022, at *4 (M.D. La. July 6, 2009) (plaintiff's discovery requests for other complaints against employer must be limited to the particular type of discrimination alleged in the complaint); *Kelly v. Boeing Petroleum Services, Inc.*, 61 F.3d 350 (5th Cir. 1995) (affirming district court's decision to limit evidence of other complaints to those types of discrimination that the plaintiff was alleging).

The Interrogatories are overboard as they seek the identity of individuals who ever made <u>any</u> type of complaint about Mr. Schaffer, not those of the type made by Plaintiff. Plaintiff's complaints about Mr. Schaffer's behavior, however, are actually quite limited. She alleges that his persona, within the confines of their show, became aggressive and misogynistic. Plf's Compl., ¶ 19. She claims that male guests invited on the show by Mr. Schaffer were "grossly misogynistic" and had "contemptible and sexist opinions towards women, and that one male guest (not Mr. Schaffer) shouted at her, upsetting her and members of the audience. *Id*., ¶¶ 20-22, 24. Other audience members (not Mr. Schaffer directly) allegedly made sexist comments and engaged in anti-Jewish commentary. *Id*. ¶¶ 28, 30. According to Plaintiff, Mr. Schaffer encouraged this behavior from the audience. *Id*. ¶ 31. The comments Plaintiff attributes directly to Mr. Schaffer are limited to: (1) "disrespectful comments about the fact that [she] is an atheist," (2) general

discussions about sex, gay sex, and penises in front of guests of the show and Plaintiff, and (3) "constant offensive comments about women." *Id*. ¶¶ 32, 34, 38. Thus, only complaints against Mr. Schaffer that deal with substantially similar conduct are potentially relevant, and complaints unrelated or dissimilar to those made by the Plaintiff about Mr. Schaffer are clearly not discoverable.[1]

Moreover, even if properly limited to complaints of substantially similar conduct, Plaintiff would only be entitled to similar complaints, if any, during the time she performed her independent contractor duties, not after her business relationship ended. Plaintiff and Mr. Schaffer were co-hosts; Mr. Schaffer did not supervise Plaintiff. To hold a company vicariously liable for sexual harassment by a coworker, the plaintiff must show, *inter alia*, that the employer "knew or should have known" of the harassment in question and failed to take prompt remedial action. *Pullen v. Caddo Parish Sch. Bd.*, 830 F.3d 205, 213 (5th Cir. 2016) (quoting *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 401 (5th Cir. 2013)). Therefore, the only complaints at issue, if any, are substantially similar complaints made before and/or during the term of Plaintiff's independent contractor agreement. Any complaints made *after* Plaintiff's business relationship ended would not support whether Defendant "knew or should have known" of the alleged harassment of which Plaintiff complains.

Moreover, a plaintiff is generally not entitled to discovery of other employee's complaints about individuals who did not directly supervise the plaintiff and who were not involved in the adverse employment decisions against the plaintiff. *Kleppinger v. Tex. Dep't of Trans.*, No. L-10-124, 2012 WL 12893655, at *8 (S.D. Tex. Sept. 30, 2012) (holding that plaintiff was not entitled

---

[1] Indeed, the conduct alleged and referenced in Plaintiff's Motion relates to an alleged sexual assault incident involving Mr. Schaffer. Plaintiff did not make and does not allege she made any complaints to Defendant about an alleged sexual assault or other substantially similar conduct.

to discovery of complaints of race, sex, and national origin discrimination against other supervisors who were not involved in the decision to terminate plaintiff). As previously stated, Mr. Schaffer did not supervise Plaintiff (and Plaintiff does not allege that he did), and Mr. Schaffer was not involved in the Company's decision to terminate Plaintiff's independent contractor agreement. If Defendant received any complaints concerning Mr. Schaffer, the identity of the individual and the nature of the complaint is not relevant because Mr. Schaffer was not Plaintiff's supervisor.

Thus, both Interrogatory Nos. 8 and 9, as propounded, are overly broad and seek irrelevant information. Therefore, the Court should sustain Defendant's objections to Plaintiff's Interrogatory Nos. 8 and 9 and deny Plaintiff's Motion. In the alternative, the Court should limit Plaintiff's Interrogatory Nos. 8 and 9 to providing information related to complaints about substantially similar conduct to that which Plaintiff complained and limit the relevant time period to before and/or during the term of Plaintiff's independent contractor agreement.

## IV.
## CONCLUSION

WHEREFORE, Defendant Blaze Media LLC prays that the Court should sustain Defendant's objections to Plaintiff's Interrogatory Nos. 4, 8, and 9, and deny Plaintiff's Motion to Compel Discovery Responses in its entirety. Defendant further seeks any and all additional relief, at law or in equity, to which it is entitled.

Dated: April 15, 2024                                          Respectfully submitted,

                                                                         */s/ Celeste R. Yeager*
                                                                         Celeste R. Yeager
Texas State Bar No. 00797715
cyeager@littler.com
Courtney E. Jackson
Texas State Bar No. 24116560
cejackson@littler.com
LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100 (Telephone)
214.880.0181 (Facsimile)

Jordan W. Cowman
Texas State Bar No. 04932800
GREENBERG TRAUIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Jordan.cowman@gtlaw.com
214.665.3600 (Telephone)
214.665.5952 (Facsimile)

**ATTORNEYS FOR DEFENDANT
BLAZE MEDIA LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that on April 15, 2024, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following individuals who have consented in writing to accept this Notice as service of this document by electronic means:

Kurt A. Schlichter
SCHLICHTER, SHONACK & KEETON, LLP
2381 Rosecrans Ave., Ste. 326
El Segundo, CA 90245
kas@sandsattorneys.com

James A. Pikl
SCHEEF & STONE, LLP
2600 Network Blvd., Ste. 400
Frisco, TX 75034
jim.pikl@solidcounsel.com

*/s/ Celeste R. Yeager*
Celeste R. Yeager

4855-4646-1614.6 / 118122-1002