IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SYDNEY WATSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:23-cv-00279-B |
| | § | |
| BLAZE MEDIA LLC, | § | |
| | § | |
| Defendant. | § | |

## DISCOVERY ORDER

Plaintiff Sydney Watson filed a motion to compel Defendant Blaze Media LLC to provide substantive responses to three interrogatories seeking information about her alleged harasser. *See generally* Mot. Compel (ECF No. 27). As set forth below, the Court **GRANTS** the Motion, in part, and **ORDERS** Defendant to respond to Plaintiff's Interrogatories No. 4, and Interrogatories Nos. 8 and 9, as limited by the Court, no later than May 17, 2024.

## Background

Watson alleges that Defendant hired her to co-host "an internet-based interview show centering on politics and culture that streamed on The Blaze [media network]." Compl. 3–4 (ECF No. 1). She and her co-host, Elijah Schaffer, began production of their show in September 2021. *Id.* at 3. But after only a short time, Schaffer began to engage in openly "aggressive" and "grossly misogynistic" behavior towards her. *Id.* at 5. Schaffer also subjected Watson to "anti-Jewish" and "anti-Semitic" comments. *Id.* at 6–7. Watson further alleges that Schaffer was

1

"drunk and impaired" during many of the shows, and this contributed to his hostile

and inappropriate behavior. *Id.* at 7. According to Watson, other employees at The

Blaze, including management, knew about Schaffer's inappropriate conduct. *Id.* at

8, 9. Indeed, Watson specifically complained about his "hostile sexism" during a

meeting and said "[his behavior] made her want to quit." *Id.* However, Defendant

"failed to properly investigate her complaints . . . [;] failed to take reasonable and

necessary corrective action . . . [and;] failed to discipline [ ] Schaffer in any way for

his misconduct." *Id.* at 11. Watson claims she was constructively discharged in the

Spring of 2022 and formally terminated in July 2022. *See id.* 14–15. A few months

later in September 2022, Defendant announced that Schaffer had been terminated

for "violating company policies and standards after an investigation regarding a

personal matter." *Id.* at 12. Watson filed her complaint on February 8, 2023,

asserting claims for sex and religious discrimination in violation of Title VII and

the Texas Commission on Human Rights Act (TCHRA), as well as wrongful

constructive termination and retaliation in violation of the TCHRA.

The parties proceeded with written discovery after the District Judge denied

Defendant's motion to compel arbitration. *See* Order (ECF No. 15). On March 25,

2024, Watson filed the pending discovery motion seeking to compel Defendant to

respond to three interrogatories relating to Schaffer's conduct at The Blaze:

> **INTERROGATORY NO. 4:** State all reasons that Blaze ended its
> business relationship with Elijah Schaffer.

> **INTERROGATORY NO. 8:** Identify every person who ever made
> any complaint to Blaze about the conduct of Elijah Schaffer.

**INTERROGATORY NO. 9:** Describe all actions taken by Blaze regarding all complaints made to Blaze about the conduct of Elijah Schaffer.

*See* Mot. Compel 2 (ECF No. 27). Defendant objects that the disputed interrogatories "concern information about individuals who are not parties to this litigation who therefore have valid privacy interests," and that the interrogatories are "overly-broad." Def.'s Resp. 1 (ECF No. 30). Watson argues that "[t]he alleged conduct of Elijah Schaffer directly reflects upon the acts or omissions (or lack thereof) of The Blaze, actions directly at issue in this lawsuit," and that such information is relevant to whether Schaffer actually harassed Watson and whether Defendant had knowledge of Schaffer's alleged harassment and tolerated or encouraged a hostile work environment, which would support her claim for exemplary damages. Mot. Compel 2, 3.

## Legal Standards

Federal Rule of Civil Procedure 26(b)(1) sets forth the scope of discovery in civil cases pending in federal court.

> *Scope in General.* Unless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).

"Under Rule 26(b)(1), . . . discoverable matter must be both relevant and

proportional to the needs of the case—which are related but distinct requirements." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 573 (N.D. Tex. 2018) (Horan, J.) (citation omitted) (cleaned up). "To be relevant under Rule 26(b)(1), a document or information need not, by itself, prove or disprove a claim or defense or have strong probative force or value. If it were otherwise, it would make little sense for Rule 26(b)(1) to direct courts to consider whether discovery that is relevant to any party's claim or defense is also important in resolving the issues." *Id.* (citation omitted).

Rule 26(b)(1) applies to nonprivileged matter, and a party withholding discovery on privilege grounds, "'must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.'" *Zenith Ins. Co. v. Tex. Inst. for Surgery, L.L.P.*, 328 F.R.D. 153, 161 (N.D. Tex. 2018) (quoting Fed. R. Civ. P. 26(b)(5)(A)).

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer interrogatories under Federal Rule of Civil Procedure 33. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv); *Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 368 (5th Cir. 2009) ("A party may move to compel production of materials that are

within the scope of discovery and have been requested but not received. Fed. R. Civ. P. 37(a). Yet, a court may decline to compel, and, at its option or on motion, 'may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden . . . , including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.' Fed. R. Civ. P. 26(c)(1)(D); *see also* Fed. R. Civ. P. 37(a)(5)(B).”). And Rule 37(a)(3)(A) provides that, “[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.” Fed. R. Civ. P. 37(a)(3)(A). For purposes of Rule 37(a), “an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.” Fed. R. Civ. P. 37(a)(4).

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir.1990). And a party who has objected to a discovery request must, in response to a motion to compel, urge and argue in support of his objection to a request, and, if he does not, he waives the objection. *See Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 670–71 (D. Kan. 2004). A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (“A party asserting undue burden typically must present an

affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."). And the "party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability." *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir.2001). In sum, the party resisting discovery must specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of proper discovery or that the request would impose an undue burden or expense or is otherwise objectionable. *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015).

## Analysis

The three interrogatories to which Watson seeks to compel a response revolve around her cohost and alleged harasser Elijah Schaffer and his business relationship with The Blaze. *See* Mot. Compel 2. As the party resisting discovery, the burden is on Defendant to clarify and explain their objections and provide support for those objections. *Merrill*, 227 F.R.D. at 470. In its response, Defendant first opposes Interrogatory No. 4 as seeking private and confidential information about a non-party that is irrelevant to Watson's lawsuit; and second, it opposes Interrogatories Nos. 8 and 9 as overly broad in that they concern all types of complaints, not just complaints substantially similar to Watson's. Def.'s Opp. 3–4. Although Defendant also originally objected on the basis of the attorney–client privilege and work product protection, it does not pursue those objections in its response to Watson's motion to compel. Thus, the Court deems objections based

on any attorney–client privilege or work product protection to have been waived. *See Sonnino*, 221 F.R.D. at 670–71.

A.  <u>Defendant must answer Interrogatory No. 4.</u>

Defendant objects to identifying "all reasons that Blaze ended its business relationship with Elijah Schaffer." Mot. Compel 4; Def.'s Resp. 3. First, Defendant insists, Schaffer is not a party to this litigation, so the discovery of the reasons Defendant ended its business relationship with Schaffer raises privacy concerns that "outweigh Watson's entitlement to the requested discovery." Def.'s Resp. 3. Further, Defendant argues that the reasons it ended its business relationship with Schaffer are not relevant and not discoverable because he was terminated after Watson left The Blaze. *Id.*

Although Schaffer is not a party to this lawsuit, Watson identifies him in her Complaint as her chief harasser at The Blaze, and his alleged conduct—and what Defendant may or may not have known about his alleged conduct—is central to her claims in this lawsuit. Also—contrary to Defendant's assertion that it terminated Schaffer "well after" Watson departed—Watson alleges Defendant terminated Schaffer only a few months after she left.

Any "privacy concerns" Defendant asserts, purportedly on behalf of its former employee, do not prevent Watson from discovering the reasons Defendant ended its relationship with Schaffer. Defendant's reliance on *Miranda v. Mahard Egg Farm, Inc.,* 2019 WL 4573637 (E.D. Tex. Sept. 20, 2019), is unavailing. Watson is not seeking production of Schaffer's entire personnel file; she is merely

seeking Defendant's explanation for why it terminated him. Further, the parties may accommodate Defendant's concerns about Schaffer's privacy with an appropriate protective order, which they may negotiate and submit to the Court, if necessary. *See Ellison v. Patterson-UTI Drilling Co., LLC*, 2009 WL 3247193, at *5 (S.D. Tex. Sept. 23, 2009) ("[T]he protective order entered by the Court should alleviate any lingering concerns about the privacy of nonparty employees").

The Court OVERRULES Defendant's objections to Interrogatory No. 4 and ORDERS Defendant to answer Interrogatory No. 4.

B. Defendant must answer Interrogatories Nos. 8 and 9, as limited by the Court.

Defendant objects to identifying "every person who ever made any complaint to Blaze about the conduct of Elijah Schaffer" (Interrogatory No. 8) and to describing "all actions taken by Blaze regarding all complaints made to Blaze about the conduct of Elijah Schaffer" (Interrogatory No. 9). Mot. Compel 7–8; Def.'s Resp. 4–7. Defendant argues that Watson is only entitled to discovery of other complaints made before and/or during the term of her independent contractor agreement that are sufficiently similar to her own claims, and therefore that her requests are overbroad in that they seek the identities of every person who ever made *any* type of complaint, and *any* actions Defendant took in response. Def.'s Resp. 5–6. Further, Defendant insists that Watson is only entitled to discovery of complaints against individuals who supervised her, and "if [Blaze] received any complaints concerning Mr. Schaffer, the identity of the individual and

the nature of the complaint is not relevant because Mr. Schaffer was not [Watson's] supervisor." Def.'s Resp. 7.

The Court first notes that the disputed interrogatories do not seek the contents of the complaints against Schaffer or any documentation related to the complaints; rather, they seek the identities of any individuals who made complaints, and a description of any actions taken by Defendant in response to those complaints. Still, plaintiffs in employment discrimination cases do not have an "unlimited ability to delve into their employers' policy and personnel records, even when the plaintiffs have alleged a pattern of discrimination." *W. Dooley v. Rec. and Parks Com'n for Parish of East Baton Rouge (BREC)*, 2009 WL 1939022, at *4 (M.D. La. July 6, 2009). In discrimination cases, "the relevance of co-workers' discrimination complaints is a fact-based determination," and generally those complaints are discoverable if limited to "(a) the same form of discrimination; (b) the same department or agency where plaintiff worked; and (c) a reasonable time before and after the discrimination complained of." *Diloreto v. Towers Perrin Foster & Crosby, Inc.*, 2010 WL 11619087, at *3 (N.D. Tex. Aug. 20, 2010).

Here, Watson alleges that Schaffer, her co-host, harassed her on the basis of her sex and her religious beliefs. *See generally* Compl.; *see also* Def.'s Resp. 5–6 (characterizing Watson's allegations as such). She contends that Schaffer engaged in "aggressive" and "grossly misogynistic" behavior towards her and that he subjected her to "hostile sexism," as well as "anti-Jewish" and "anti-Semitic" comments. *See, e.g.,* Compl. ¶ 30–31. Watson also alleges that Schaffer was "drunk

and impaired" during his interactions with her and this contributed to his hostile behavior. *Id.* at ¶ 36. She claims that Defendant knew about Schaffer's misconduct and tolerated or encouraged a hostile work environment. *See, e.g., id.* at ¶ 38–39.

Based on her allegations, Watson is entitled to discover the identity of every person who made a complaint about Schaffer involving allegations of a hostile work environment or harassment on the basis of sex or religion for a reasonable time period before and after the discrimination complained of. Here, Watson began working at The Blaze in 2021. *See id.* at ¶ 13. Both Watson and Schaffer were terminated in 2022. *Id.* at ¶ 63–64. Therefore, the Court concludes that limiting discovery to the calendar years 2021 and 2022 is reasonable. *See Diloreto*, 2010 WL 11619087, at *3.

The Court overrules Defendant's objection that any complaints against Schaffer are irrelevant because Schaffer was not Watson's supervisor. Co-worker harassment is actionable under Title VII, with a key element being that the employer knew or should have known of the harassment and failed to take prompt remedial action. *See Royal v. CCC & R Tres Arboles, LLC*, 736 F.3d 396, 401 (5th Cir. 2013). Defendant's actions in response to Watson's complaints of harassment by Schaffer are at the center of this case. And information about Defendant's actions in response to those and other complaints about Schaffer—if they exist—are relevant under Rule 26(b), even though Schaffer was not Watson's supervisor.

The Court thus OVERRULES Defendant's objections, in part, and ORDERS Defendant to answer to Interrogatories Nos. 8 and 9, by identifying any person

who made a complaint about Schaffer involving allegations of a hostile work environment or harassment on the basis of sex or religion occurring in 2021 or 2022, and by describing all actions taken by Defendant regarding all such complaints. As set out above, the parties may accommodate any privacy concerns implicated in responding to Interrogatories Nos. 8 and 9 with a protective order.

## Conclusion

The Court GRANTS Watson's motion (ECF No. 27), in part, and ORDERS Defendant to respond to Plaintiff's Interrogatory No. 4, and Interrogatories Nos. 8 and 9, as limited by the Court, no later than May 17, 2024. The Court FURTHER ORDERS the parties to confer about the need for a protective order and to submit an appropriate proposed order to the Court, if necessary.

**SO ORDERED.**

May 3, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE